UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

DARIUS MURPHY,

    Petitioner,

v.

PATRICK NOGAM, et al.,

    Respondents.

Civ. No. 14-4268 (KM)

**MEMORANDUM AND ORDER**

---

Petitioner, Darius Murphy, is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Mr. Murphy was convicted by a jury of felony murder and robbery amongst other charges and is currently serving his criminal sentence on those convictions. Mr. Murphy raises thirteen claims in his habeas petition; specifically:

1. The Court's instruction on identification was erroneous since it bolstered the state's identification case without referring to any of the evidence supporting petitioner's misidentification defense.

2. Petitioner's right to a fair trial was gravely prejudiced when Lieutenant Masucci testified that, in his opinion, Victor Parker had provided truthful information about the crime, and when the prosecutor claimed in her summation that Park's story had been corroborated by their investigation.

3. Petitioner's right to confront the witness against him was violated when the trial court precluded counsel from asking about the circumstances of Victor Parker's arrest because that testimony could have provided crucial information about Parker's motive to falsely incriminate petitioner.

4. Petitioner's Fifth Amendment rights were violated by the prosecutor's suggestion in summation that by failing to testify or "offer a defense," petitioner was attempting to hide from the collective evidence against him.

5. The court's charge was prejudicially defective because it failed to provide any guidance to the jury on how it should assess the issue of Victor Parker's credibility with the fundamental evidential item – the "cooperative agreement" between Parker and the state.

6. Trial counsel was ineffective for not investigating petitioner's alibi.

7. Trial counsel was ineffective for not moving for a severance.

8. Petitioner was denied due process because the trial judge did not instruct the jury that petitioner was not involved in the other crimes committed by Victor Parker.

9. The prosecutor violated petitioner's right to due process by failing to disclose to the defense statements made by Keith Henderson, as part of his pitch to enter into a plea agreement, that he and Victor Parker were involved in the charged crimes and that petitioner and the other defendants on trial were not involved.

10. Petitioner was denied the effective assistance of appellate counsel.

11. Trial counsel was ineffective for failing to exercise one of his remaining peremptory challenges to excuse Juror B.D.

12. Petitioner was denied the right to fair trial and was prejudiced as a result of irregular influences during jury selection.

13. Petitioner has been prejudiced by the incomplete verbatim record of the jury voir dire and the state court erred in failing to try and reconstruct the lost record.

Presently pending before the Court is Mr. Murphy's motion for an evidentiary hearing. (*See* Dkt. No. 21.) Mr. Murphy asserts that he is entitled to an evidentiary hearing in this Court

as the evidentiary hearing in the state court "was insufficient in [its] fact-finding efforts because numerous questions still remained unanswered." (Dkt. No. 21 at p. 10) Mr. Murphy states that the record is incomplete because:

> 1.) There was no question posed to juror B.D. of her ability to be impartial. That could not be implied because there is no record of the voir dire and the Appellate Division ordered this to be determined where it wrote, [t]he focus of the inquiry is to determine whether Juror B.D. disclosed her connection to the sister . . . and whether she indicated that this would or would not affect her judgment." 2.) The alibi witnesses where not allowed to testify. 3.) The trial attorney was not questioned on the reason for not motioning for a severance. 4.) Nor was the trial attorney fully questioned about not using a peremptory challenge for jury B.D. when she mentioned she was related to law enforcement. 5.) And Petitioner was not allowed to be present during the entire proceedings.

(*Id.*)

Under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), when a state court has adjudicated and rejected a claim on the merits, the federal court may not grant the writ unless the adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (2). In *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1399 (2011), the United States Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." Accordingly, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Pinholster*, 131 S. Ct. at 1400. "The petitioner may not introduce new evidence before a federal

habeas court." *Grant v. Lockett*, 709 F.3d 224, 231 (3d Cir. 2013) (citing *Pinholster*, 131 S. Ct. at 1400). "In addition, review of a claim under § 2254(d)(2) is specifically limited to 'evidence presented in the State court proceeding.'" *Id.* (citing 28 U.S.C. § 2254(d)(2)). Accordingly, as a general rule, "'district courts cannot conduct evidentiary hearings to supplement the existing state court record under § 2254(d).'" *Id.* (quoting *Brown v. Wenerowicz*, 663 F.3d 619, 629 (3d Cir. 2011).

This Court has yet to analyze the merits of Mr. Murphy's habeas petition. His entitlement, or not, to an evidentiary hearing is best considered in connection with the court's analysis of the legal merits of the claims. Accordingly, at this time, this Court will deny Mr. Murphy's separate motion for an evidentiary hearing without prejudice to further consideration in the context of the claims.

Therefore, IT IS this 25th day of September, 2015,

ORDERED that petitioner's motion for an evidentiary hearing (Dkt. No. 21) is denied as presented, without prejudice, but will be considered in connection with the court's analysis and decision on the merits.

KEVIN MCNULTY
United States District Judge