**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DARIUS MURPHY, | Civ. No. 14-4268 (KM) |
| Petitioner, | |
| | **OPINION** |
| PATRICK NOGAM, *et al.*, | |
| Respondents. | |

**KEVIN MCNULTY, U.S.D.J.**

### I. INTRODUCTION

Presently pending is Petitioner Darius Murphy's motion for reconsideration of this Court's opinion and order denying habeas relief under 28 U.S.C. § 2254. (ECF No. 35.) Respondents have not filed an opposition. For the reasons stated below, the motion is denied.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial, Mr. Murphy was convicted of felony murder, robbery, aggravated manslaughter, endangering the welfare of a child, and related charges. (ECF No. 12-20.) In January 1997, he received an aggregate sentence of thirty years with a thirty-year period of parole ineligibility. (*Id.*)

In July 2014, Mr. Murphy filed a petition for a writ of habeas corpus challenging his conviction. (ECF No. 1.) I denied the habeas petition on January 3, 2018. (ECF Nos. 33 & 34.) On or about January 22, 2018, Mr. Murphy filed this motion for reconsideration, challenging that denial. (ECF No. 35.) I ordered Mr. Murphy to file a complete motion, including all missing pages and re-sending all illegible exhibits. (ECF No. 36.) Mr. Murphy complied and filed an updated

brief in support of his motion for reconsideration with attached exhibits. (ECF No. 37.) Mr. Murphy brings this motion pursuant to Federal Rule of Civil Procedure 59(e), alleging the availability of new evidence that was not previously available when I decided his habeas petition. (ECF No. 37 at 2.)

## III. DISCUSSION

### A. Standard

The scope of a motion for reconsideration is extremely limited, and such motions should only be granted sparingly. *See Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (discussing Rule 59(e)). An order of the court may be altered or amended pursuant to such a motion only where the moving party establishes one of the following grounds for relief: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact to prevent manifest injustice." *Delanoy v. Twp. Of Ocean*, No. 13–1555, 2015 WL 2235103, at *2 (D.N.J. May 12, 2015) (insertion in original). The Third Circuit has defined "new evidence" for purposes of a motion for reconsideration as follows:

> [N]ew evidence, for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration.

*Blystone*, 664 F.3d at 415-16 (internal citations and quotations omitted).

Reconsideration motions "may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of the judgment." *Delanoy*, 2015 WL 2235103, at *2 (citation and quotation omitted). As such, courts should grant a motion

for reconsideration only where its prior decision "overlooked a factual or legal issue that may alter the disposition of the matter." *Id.*

B. Analysis

Mr. Murphy clearly brings this motion under the second prong justifying reconsideration—the availability of new evidence. He explains that subsequent to his habeas filing, he filed a motion for a new trial in state court, based on the recantation of the State's key witness, Victor Parker, who had implicated him in the crime. (ECF No. 37 at 3–5.) While the procedural history is somewhat unclear, it appears that in 2015, Mr. Murphy filed a motion for a new trial in state court. (ECF No. 37 at 14.) That motion was based on an affidavit signed by Mr. Parker which implicated an individual named Ra-Ra in the murder, instead of Mr. Murphy. (*Id.* at 45–46.) A hearing was conducted in state court in 2016, in which Mr. Parker testified. (ECF No. 37-2.) The motion for a new trial was denied. (ECF No. 37-3.) Mr. Murphy appealed to the Superior Court of New Jersey, Appellate Division. (ECF No. 37 at 17.) That appeal appears ongoing. (*See* State's Letter Brief, filed on May 29, 2018, ECF No. 37 at 58.)

Based on these facts, it is clear that the evidence Mr. Murphy submits in support of his motion for reconsideration was available to him, at the very least, in 2015, at the time he filed his motion for a new trial in state court. Because this Court denied his petition for habeas relief in 2018, this evidence is not newly discovered within the meaning of Rule 59(e). *See Blystone*, 664 F.3d at 416 ("new evidence . . . does not refer to evidence that a party . . . submits to the court after an adverse ruling.") (quotation marks and citation omitted). In fact, it appears from Mr. Murphy's habeas petition that he was in possession of this information as far back as 2011. In his facts supporting Grounds One, Two and Four of his habeas filing, he specifically stated that Mr. Parker mistakenly identified him and certified as much in 2011. (*See* ECF No. 1 at 11, 15, 22.)

3

For example, in Ground Four he wrote, "[t]hen in 2011 Victor Parker certified that his identification of Petitioner was incorrect. Parker even names and identifies the person who did the crime with him. In his certification he explains how and why he misidentified petitioner." (ECF No. 1 at 22.) Thus, Mr. Murphy was in possession of the evidence relating to Mr. Parker's recantation many years prior to this Court's 2018 judgment denying habeas relief. *See Blystone*, 664 F.3d at 416 (affirming District Court's denial of Rule 59(e) motion, which found "that the evidence submitted in support [of the motion] was not in fact newly discovered, since Blystone had possession of it many months before the District Court denied habeas relief.").

It does not change this Court's analysis that litigation surrounding Mr. Parker's recantation is still ongoing in state court. Mr. Murphy simultaneously pursued his contentions in state and federal court, and did not request a stay of this habeas proceeding pending exhaustion of state remedies. *See Crews v. Horn*, 360 F.3d 146 (3d Cir. 2004) (discussing District Courts' power stay habeas petitions). Because Mr. Murphy's motion raises no newly discovered evidence, he does not meet the requirements under Rule 59(e). Accordingly, this motion is denied.

## IV. CONCLUSION

For the foregoing reasons, Mr. Murphy's motion for reconsideration under Rule 59(e) is denied. An appropriate Order follows.

DATED: July 23, 2018

KEVIN MCNULTY
United States District Judge